UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT OGETO ABUGA,

        Plaintiff,

v.

GRACE WANJA NJERU,

        Defendants.

Case No. 3:15-CV-00948-AC

FINDINGS & RECOMMENDATION

    Plaintiff Roberto Ogeto Abuga ("Abuga") filed this action against his wife Grace Wanja Njeru ("Njeru"). Abuga alleges that in April 2014, Njeru physically and sexually abused Abuga and "destroyed all [his] documents." (Compl. at 3.) Abuga called police, who arrested Njeru, but she was not charged with a crime. (Compl. at 3.) After her release from jail, Njeru "swore to get [Abuga] deported," filed an eviction notice, and shut off Abuga's utilities. (Compl. at 3.) Abuga claims Njeru's actions are in violation of "the I-864 affidavits of support" and seeks "necessary support to maintain [Abuga] as at an income that is at least 125% of the federal poverty guidelines."

FINDINGS &RECOMMENDATION - 1                                                   [RMD]

(Compl. at 5.) After reviewing the complaint, the court concludes it may not exercise subject matter jurisdiction over this action, which should be dismissed with prejudice.

*Legal Standard*

Federal courts are courts of limited subject matter jurisdiction, and district courts have an independent duty to address issues of subject matter jurisdiction before reaching the merits of a plaintiff's claims. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). A district court may exercise subject matter jurisdiction primarily under two circumstances. First, the court may exercise "federal questions jurisdiction" over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, courts may exercise "diversity jurisdiction" over claims between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(2). However, "district courts shall not have original jurisdiction . . . [over] an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" 28 U.S.C. § 1332(a)(2).

*Discussion*

By Abuga's own allegations, this court cannot exercise subject matter jurisdiction over this case. Abuga is a citizen of Kenya who currently lives in Portland, Oregon as a lawful permanent resident with a conditional visa. (Compl. at 3.) Njeru is a citizen of the United States and lives in Beaverton, Oregon. (Compl. at 2-3.) Pursuant to § 1332(a)(2), this court cannot exercise jurisdiction over a case between a citizen of Oregon and a citizen of Kenya living in Oregon as a lawful permanent resident. Therefore, the court lacks subject matter jurisdiction, and Abuga's claims

should be dismissed with prejudice.

## Conclusion

For the aforementioned reasons, the court should DISMISS Abuga's claims (Dkt. No. 1) with prejudice.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 23, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 9th day of June, 2015.

_____
JOHN V. ACOSTA
United States Magistrate Judge